IN RE EDUARDO CASTRO MARTÍNEZ, Appellee, and RAMÓN TORRES BRASCHI, ACTING ADMINISTRATOR ET AL., Appellants.

No. 10662.   Argued June 6, 1952.—Decided June 18, 1952.

*Víctor Gutiérrez Franqui,* Attorney General, and *A. Torres Braschi,* Assistant Attorney General, for appellant. *F. Fernández Cuyar* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

The question to be determined is whether an employee of the insular government who exercises his option to retire after thirty years of service irrespective of age is entitled to collect the full amount of his retirement annuity or whether it is subject to the actuarial reduction provided in par. 6 of § 6 of Act No. 447, Laws of Puerto Rico, 1951.

The parties initiated this case in the district court by filing an agreed statement of facts pursuant to Rule 7 (*d*) of the Rules of Civil Procedure. Eduardo Castro Martínez has been employed continuously by the insular government from July 16, 1919 to date. He is now 53 years of age. He has made the contributions to the different pension funds established by law without ever having received reimbursement thereof. He proposes to retire, but disputes the contention of the Administrator of the Retirement System that because he is less than 58 years of age his retirement annuity

would be subject to an actuarial reduction under par. 6. The stipulation recites that the controversy affects a considerable number of insular employees who are similarly situated. After hearing the parties, the district court entered a judgment agreeing with Castro's view. The Administrator and the Retirement System have appealed from that judgment.

Act No. 447 of 1951, which establishes a retirement system for insular employees, is a carefully drawn and comprehensive statute. It was enacted as a result of an exhaustive study by the Public Administration Service of the various existing public pension systems. See Act No. 102, Laws of Puerto Rico, 1945 (p. 360). With a few changes, it follows the recommendations made by that Service. It drastically modifies the previous pension funds which it superseded, beginning January 1, 1952, under § 2 of Act No. 447.

Under the pension fund of Act No. 23, Laws of Puerto Rico, 1935, Special Session, which was superseded by Act No. 447, Castro would have been entitled to retire after thirty years of service irrespective of age. When the bill which became No. 447 was originally introduced in the Senate as Senate Bill No. 532, it did not so provide. On the contrary, par. 2 of § 6, as introduced and as finally enacted, reads as follows: "Retirement shall be optional with any member in active service who shall have attained an age of at least fifty-five (55) years and shall have completed at least twenty-five (25) years of creditable service, and with any member who shall have attained an age of at least fifty-eight (58) years and shall have completed at least ten (10) years of creditable service."

The original bill contained the provision which became par. 6 of § 6 and which reads as follows: "In the case of members others than those of the police force or fire fighting personnel who shall apply for and shall be granted an annuity while under the age of fifty-eight (58) years, the

retirement annuity shall be computed as stated above except that it shall be reduced to an amount representing the actuarial equivalent at the member's age at retirement of an annuity payable at fifty-eight (58) years of age." This paragraph was a recognition of the obvious actuarial principle that the younger an employee is at retirement the longer is his life expectancy. In view of this principle, the bill undertook to reduce the annuities of those who retired while under 58 years of age; *i.e.*, those persons who under par. 2 elected to retire between 55 and 58 years of age after 25 years of service.

After introduction of Senate Bill No. 532, an amendment was made which was enacted as a part of Act No. 447. This became the third paragraph of § 6 reading as follows: "*Provided*, That up to the year 1955, retirement shall be optional with any member of the System in active service who shall have completed thirty (30) years of creditable services, *irrespective of the age requirement*." (Italics ours.) Thus while Senate Bill No. 532 was going through the Legislature, there was added to the two previous categories of employees eligible for retirement under par. 2 of § 6 of said bill (55 years of age—25 years of service; 58 years of age—10 years of service) a third category: 30 years of service irrespective of age.

However, par. 6 of Senate Bill No. 532 was not amended despite the insertion of par. 3. Therefore, the question to determine here is whether in leaving par. 6 intact despite the inclusion of the subsequently proposed third category, the Legislature intended that the actuarial reduction contemplated by par. 6 should apply to employees in the new third category as well as to those in the second category for whom it was originally intended; viz., employees between 55 and 58 with 25 years of service.

It cannot be gainsaid that par. 6 on its face applies to *all* employees who retire before they are 58 years of age.

The fact that as originally drafted there was no third paragraph in § 6 of Senate Bill No. 532 and that as a result par. 6 in its original form could apply only to those in the 55 years of age—25 years of service category does not change this result. In the absence of a modification of the language of par. 6 which would except the new third paragraph from its terms, we are not at liberty to write that exception into par. 6. To do so would be for us to invade the functions of the Legislature. *Community of the Heirs of Fajardo* v. *Tax Court, ante*, p. 499.

We cannot agree that the language of par. 3 standing alone demonstrates a legislative intent that employees retiring after thirty years of service regardless of age would not only be eligible for an annuity, but would also not be subject to the actuarial reduction. We are advised that this reduction has been administratively fixed at approximately 6 per cent for every year the employee is under 58 years of age. For Castro, who is now 53, this would mean a reduction of 30 per cent from his retirement annuity. And for other employees who might wish to retire after 30 years of service at an earlier age, the reduction would be a correspondingly higher percentage. But the fact remains that the Legislature inserted par. 3 of § 6 at the place where it was establishing eligibility for a retirement annuity. In using in par. 3 the phrase "irrespective of the age requirement" in this context, it clearly meant only to provide that those with 30 years of service would be eligible for an annuity. The places where the Legislature dealt with the amounts of the annuities were in pars. 5, 6 and 7 of § 6.[1]

---

[1] Par. 5 provides the manner of computing the annuity when it is paid in full. It recites that the amount of the annuity shall be 1½ per cent of the average compensation multiplied by the number of years of creditable service. Par. 7 limits the annuity to 60 per cent of the average compensation. The term "average compensation" is defined in § 3 as "the average annual rate of compensation of a member, including maintenance, during the five years of creditable service immediately preceding the retirement of the member."

Consequently, in failing to modify par. 6, after amending Senate Bill No. 532 by adding par. 3 to § 6, the Legislature permitted the terms of par. 6 to remain in full force and effect. Par. 6 therefore inevitably applies to Castro and the amount of his annuity would be subject to an actuarial reduction pursuant to par. 6.

Our view is reinforced by the fact that par. 5 states that "Said annuity shall be payable in full to any member retiring at the age of fifty-eight (58) years or over, and to any member of the police force or of the fire fighting force retiring at the age of fifty-five (55) years or over." Here again a paragraph concerned with the amount of the annuity states clearly and emphatically that except for policemen and firemen annuities *are paid in full only to employees retiring at 58 years of age or over.* We are unable to see how we can ignore this clear mandate of the Legislature found in both pars. 5 and 6.

Castro's argument, with which the district court agreed, is in substance as follows: The right granted by Act No. 447 is not the right to retire. Everyone has a constitutional right to retire—that is, to withdraw from work. The right involved herein is rather the right to receive a retirement annuity. The Legislature wished to retain until 1955 the previous right of employees under Act No. 23 of 1935 to retire with an annuity after 30 years of service irrespective of age. The *Provided* clause embodied in par. 3 of § 6 preserves this right. And it exists without being subject to the actuarial reduction established in par. 6. The latter applies where annuities are granted on the basis of years of service and age. The reduction provided in par. 6 is founded exclusively on age; here the employee proposes to retire without reference to age as authorized by par. 3; the reduction is therefore not applicable.

We agree that the right conferred by the Act is not a right to retire, but rather a right to retire with an annuity.

But the hard fact is that as we have seen the Legislature divided the problem into two separate parts: (1) those eligible for retirement with pay (pars. 2 and 3 of § 6) ; (2) the amounts to be paid to those eligible therefor (pars. 5, 6 and 7 of § 6). We fail to see how we can override the language of the Legislature by holding that in defining those eligible for a retirement annuity in par. 3, the Legislature intended that par. 6 should not apply to them despite the fact that save for firemen and policemen no exceptions are found in par. 6. This is not, as Castro contends, making a fetish of the respective locations in Act No. 447 of pars. 3 and 6. Reading them together, we find no warrant in holding that par. 6 does not apply to the employees eligible for a retirement annuity under par. 3.

It is not significant, under the circumstances of this case, that the third paragraph begins with the word *Provided*. Its text and position show clearly that it was simply an additional category of persons eligible for pensions. The cases cited by the district court in this respect—*Vázquez* v. *Board of Trustees*, 59 P.R.R. 144; *National Liquor Co., Inc.* v. *Sancho, Treas.*, 49 P.R.R. 568—are therefore not in point.

██ We agree with Castro and the district court that one of the purposes of Act No. 447 is to protect employees after long years of public employment. But in the past early retirements have placed a heavy financial burden on the previous pension funds. Employee Retirement in the Insular Government of Puerto Rico, Public Administrative Service, p. 43. Pension laws are to be interpreted liberally in order to carry out the purposes of the Legislature. *Acuña* v. *Pension Board*, 58 P.R.R. 96, 102. But the Legislature in par. 6 might well have intended to provide for actuarial reductions for *all* who retired under 58 years of age in order to assure the financial stability of the Retirement System.

Perhaps the Legislature, bearing in mind the actuarial principle which inspired par. 6, meant for it to apply to

Castro and others in his situation in order to avoid the payment to a number of comparatively young people of comparatively large annuities. On the other hand, perhaps the Legislature felt that it was only just, for the limited period until 1955, to permit employees with 30 years of service who would have been eligible to retire regardless of age under Act No. 23 of 1935 to retire with annuities not subject to actuarial reductions. It is not for us to speculate on this question. The Legislature used unambiguous language in par. 6. It must modify that language if after further consideration it concludes that it really wishes to except Castro and others in his situation from the terms of par. 6. *Community of the Heirs of Fajardo* v. *Tax Court, supra.*

The judgment of the district court will be reversed and a new judgment entered providing that the annuity retirement to which Castro would be entitled if he retired at this time would be subject to the actuarial reduction provided in par. 6 of § 6 of Act No. 447 of 1951.

MR. CHIEF JUSTICE TODD, JR., dissenting.

I dissent. I consider that the *ratio decidendi* of the opinion of the Court is to the effect that due to the fact that the *Provided* clause embodied in the third paragraph of § 6 of Act No. 447 of May 15, 1951, was not reinserted, as an amendment, in the sixth paragraph of § 6, we are bound to hold that the Legislature intended, despite having provided that those employees who shall have completed 30 years of services, *irrespective of the age requirement*, may receive the retirement annuity provided by the fifth paragraph of § 6, that the actuarial reductions contemplated by the sixth paragraph of the aforesaid Section, which are based precisely on the employee's age at retirement, should apply to them. I think that this restricted construction of the legislative intent is erroneous.

It should be noted that all of § 6 of the Act, before including, through an amendment, the *Provided* clause it now contains, was predicated on the theory of a retirement annuity based on the employee's having (1) attained a certain age, and (2) completed a certain number of years of service. Thus, the first paragraph of § 6, which is of a general character and clearly sets forth the legislative intent, provides as follows:

"Any member who shall not have received a refund of his accumulated contributions, shall be entitled to receive, upon separation from service, *upon or after attainment of the ages indicated below and after completing the period of service specified,* a retirement annuity which shall begin as of the date specified by the member in his application for retirement, but in no event before his separation from the service." (Italics ours.)

The second paragraph, in harmony with the first, provides optional retirement for employees who shall have attained 55 years of age and completed at least 25 years of service and for employees having attained 58 years of age and completed 10 years of service. The fourth paragraph provides a deferred retirement annuity for any member prior to his attainment of the age of 58 years and who shall have completed at least 10 and less than 25 years of service. The fifth paragraph provides the manner of computing the annuity and the amount thereof.

And we come to the sixth paragraph which provides, excepting members of the police force or fire fighting personnel (who are also accorded a different treatment in the preceding paragraph), that in the case of employees who, under 58 years of age, that is, those having attained 55 years of age and completed 25 years of service as provided in the second paragraph, retire, "the retirement annuity shall be computed as stated above except that it shall be reduced to an amount representing the actuarial equivalent at the mem-

ber's *age* at retirement of an annuity payable at *fifty-eight (58) years of age."* (Italics ours.)

What was the effect then of the insertion of the *Provided* clause which provides that "up to the year 1955, retirement shall be optional with any member of the System in active service who shall have completed thirty (30) years of creditable services, *irrespective of the age requirement,"* (italics ours) but the Legislature's recognition that employees having completed 30 years of service shall be awarded an annuity "irrespective of the age requirement"? If that requirement is not to be taken into account, why must all the age requirements specified in the sixth paragraph be applied to them when computing their annuities? As well put by the lower court: ". . . we would be openly infringing the statute if, where the Legislature ordered that the age requirement be disregarded, we actually took it into account to define the most important or perhaps the only right conferred by the Act, namely, the right to the annuity."

The fact that the Legislature did not amend the sixth paragraph of § 6 after including, by an amendment to said Section, the *Provided* clause and placing it where it did, must not serve as a basis to defeat its intention to grant appellee and other employees in the same situation the right to receive the annuity to which they are entitled for having completed 30 years of service, without being subject to the actuarial reductions which are only applicable on the basis of the employee's age.

The judgment should be affirmed.